1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10                            ----oo0oo----

11

12   UNITED STATES OF AMERICA,           No. 2:11-CR-00511-WBS

13              Plaintiff,

14        v.                             ORDER RE: MOTION TO SEVER

15   ANDREW B. KATAKIS,
     DONALD M. PARKER,
16   ANTHONY B. JOACHIM, and
     W. THEODORE LONGLEY,
17
                Defendants.
18

19

20                            ----oo0oo----

21        Defendant Joachim moves to sever his case from co-

22   defendant Katakis, or, alternatively, to sever Count 3 against

23   Katakis from the joint trial.  Defendant Parker joins in the

24   motion.  Defendant Katakis takes no position.  Defendant

25   Longley's position, as the court understands it, is simply that

26   he wishes to go to trial as scheduled, regardless of whether the

27   motion to sever is granted or denied.   The moving defendants

28   contend that the evidence relating to Count 3 will jeopardize

                                  1

1    their right to a fair trial on Counts 1 and 2.

2            Rule 14 of the Federal Rules of Criminal Procedure

3    allows a court to order separate trials of counts or sever

4    defendants' trials "if the joinder of offenses or defendants in

5    an indictment, an information, or a consolidation for trial

6    appears to prejudice a defendant or the government."  Fed. R.

7    Crim. P. 14.  As a general rule, however, "defendants jointly

8    charged are to be jointly tried."  United States v. Ramirez, 710

9    F.2d 535, 545 (9th Cir. 1983).  Further, "a joint trial is

10   particularly appropriate where the co-defendants are charged with

11   conspiracy."  United States v. Fernandez, 388 F.3d 1199, 1242

12   (9th Cir. 2004), modified, 425 F.3d 1248 (9th Cir. 2005).

13           Here, the co-defendants are charged with conspiracy and

14   have not presented any persuasive argument to compel a departure

15   from these general principles.  The court can address defendant's

16   concerns through proper limiting instructions to the jury to

17   consider the evidence as against each defendant on each count

18   separately.  As only Katakis faces Count 3, it is reasonable to

19   expect that the jury will be able to compartmentalize the

20   evidence as it relates to the separate defendants.  See United

21   States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980).

22           IT IS THEREFORE ORDERED that defendants' Motion to

23   Sever Defendants and/or counts for trial be, and the same hereby

24   is, DENIED.

25   Dated:  October 7, 2013

26

27   WILLIAM B. SHUBB
     UNITED STATES DISTRICT JUDGE

28

                              2