LAW OFFICES OF SCOTT L. TEDMON
A Professional Corporation
SCOTT L. TEDMON, CA. BAR # 96171
980 Ninth Street, 16th Floor
Sacramento, California 95814
Telephone: (916) 449-9985
Facsimile: (916) 446-7104
Email: tedmonlaw@comcast.net

Attorney for Defendant
DONALD M. PARKER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW B. KATAKIS, et al.,<br><br>Defendants. | Case No. 2:11-CR-0511-WBS<br><br>**DEFENDANT DONALD PARKER'S JOINDER IN DEFENDANT KATAKIS' RULE 33 MOTION FOR NEW TRIAL**<br><br>Date: July 14, 2014<br>Time: 10:00 a.m.<br>Judge: William B. Shubb |

On March 11, 2014, defendant Donald M. Parker was convicted of Count 1 (Bid-Rigging) but the jury was unable to reach a verdict on Count 2 (Conspiracy to Commit Mail Fraud). The jury also convicted defendant Andrew B. Katakis of the bid-rigging charge but was unable to reach a verdict on the mail-fraud charge. Katakis was charged in Count 3 (Obstruction-of-Justice) and was convicted by the jury on that count. Defendant W. Theodore Longley was acquitted on both the bid-rigging charge and the mail fraud charge.

On April 3, 2014, Katakis filed a Rule 29 motion for judgment of acquittal on Count 3. (Document 287). On May 9, 2014, the Court granted Katakis' Rule 29 motion for judgment of acquittal on Count 3 thereby setting aside the obstruction-of-justice conviction. (Document 317). After granting Katakis' Rule 29 motion, the only count of conviction remaining as to both Andrew Katakis and Donald Parker is Count 1 (Bid-Rigging).

On June 2, 2014, Katakis filed a Rule 33 motion for a new trial. (Document 328). In his motion beginning at page 16, line 5, and continuing through page 24, line 5, Katakis argues the Court should grant a new trial on Count 1 because the instructions authorized the jury to convict Katakis of the uncharged offense of aiding-and-abetting a conspiracy and because the instructions were too ambiguous to guide the jury in adjudicating that offense. The arguments set forth by Katakis on this instructional issue apply to Donald Parker as they relate to Count 1 and on that basis, Parker hereby joins in Andrew Katakis' Rule 33 motion for a new trial.

In his Rule 33 motion beginning at page 13, line 8 and continuing to page 16, line 3, Katakis argues the government's use of false DriveScrubber evidence resulted in prejudicial spillover as to the bid-rigging conspiracy charged in Count 1. As with Katakis, Parker was convicted of the bid-rigging conspiracy and the jury was unable to reach a verdict on the mail-fraud charge in Count 2. Given the conspiratorial nature of the bid-rigging charge in which evidence against one defendant can be assigned to all defendants, the government's use of the false DriveScrubber evidence forced Parker to argue the jury should not consider it in their deliberations as to Parker. The fact that Parker had to address the DriveScrubber evidence in his argument resulted in a distraction of the jury from the core bid-rigging issue. Further, it is clear the jury gave undue credibility to the government's false DriveScrubber evidence as they convicted Katakis on the obstruction-of-justice charge as well as the bid-rigging charge. Katakis was improperly convicted based on false DriveScrubber evidence. Any spillover effect from that evidence into the bid-rigging charge taints Parker's conviction on Count 1 affecting his substantial rights and denying him due process of law. The arguments set forth by Katakis on this spillover issue apply to Donald Parker as they relate to Count 1 and on that basis, Parker hereby joins in Andrew Katakis' Rule 33 motion for a new trial.

DATED: June 3, 2014                      Respectfully submitted,
LAW OFFICES OF SCOTT L. TEDMON

/s/ Scott L. Tedmon
SCOTT L. TEDMON
Attorney for Defendant Donald M. Parker