ANNA TRYON PLETCHER (Cal. Bar No. 239730)
TAI S. MILDER (Cal. Bar No. 267070)
MAY LEE HEYE (Cal. Bar No. 209366)
KELSEY C. LINNETT (Cal. Bar No. 274547)
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue, Room 10-0101
San Francisco, California  94102-3478
Telephone: (415) 934-5300

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br><br>                   v.<br><br>ANDREW B. KATAKIS and DONALD M. PARKER,<br><br>                                  Defendants. | CASE NO.  2:11-CR-511-WBS<br><br>MOTION TO LIFT STAY AND PROCEED WITH ADJUDICATION AND SENTENCING<br><br>Hearing Date:   July 21, 2014<br>Time:               9:30 a.m.<br>Courtroom:       5 |

The government requests that the Court lift the stay it recently imposed, adjudicate the pending motions for a new trial, and sentence all defendants in this proceeding.  The Court has jurisdiction to proceed toward final judgment in this way and doing so would be more efficient for the courts, the government, and the defendants.

On March 11, 2014 a jury issued guilty verdicts against defendants Andrew B. Katakis and Donald M. Parker for bid rigging (Count 1 of the Superseding Indictment) and against Katakis for obstruction of justice (Count 3).  On May 9, 2014, the Court entered an order (Doc. 317) granting defendant Katakis's Amended Motion for Judgment of Acquittal on Count 3 (Doc. 310), setting aside the guilty verdict on Count 3 and instructing the Clerk to enter a judgment of acquittal in favor of Katakis on that count.  On June 2, 2014, Katakis moved for a new trial on Count 1 of the Superseding Indictment (Doc. 328).  On June 3, 2014, defendant Parker joined Katakis's motion for a new trial.  On

June 6, 2014, the government filed a notice of appeal from the Court's acquittal order regarding Count 3 (Doc. 339). In view of that notice, this Court ordered that "all proceedings in this action are hereby stayed pending receipt of an order of remand from the Court of Appeals" (Doc. 341).

If all proceedings in this Court remain stayed pending resolution of the government's appeal, Katakis and Parker face a long wait for a ruling on their new trial motions and, depending on those rulings, for a new trial or sentencing. Moreover, the stay contemplates the Court of Appeals first adjudicating the government's present appeal and then this Court ruling on the new trial motions and entering final judgment. But those rulings and the final judgments may give rise to additional appeals by the government and defendants, forcing the Court of Appeals to consider this case a second time.

If the stay is lifted, however, the government or defendants would have an opportunity to ask the Court of Appeals to stay briefing in the already-noticed appeal until final judgments are entered. The Court of Appeals could consolidate all the appeals from this proceeding and consider them together as one streamlined matter rather than through stop-and-start, piecemeal review. *See*, *e.g.*, *United States v. Brandon*, 633 F.2d 773 (9th Cir. 1980) (considering together the government's appeal of a grant of one defendant's posttrial motion for acquittal and another defendant's appeal of conviction on other counts). Thus, lifting the stay should lead to a more expeditious final resolution of this action.

Lifting the stay also avoids unnecessary delays in the sentencings of the other defendants in this case, none of whom were charged with obstruction. Some of them pleaded guilty long before trial and have cooperated with the government for years. The government's appeal on the sufficiency of the evidence of Katakis's obstruction is of no consequence to them and need not delay the final resolution of the proceedings against them.

The government filed its notice of appeal because a timely notice of appeal is mandatory, and 18 U.S.C. § 3731 states that the government's appeal "shall be taken within thirty days after the decision, judgment or order has been rendered." That notice, however, may presently be ineffective because of Katakis's pending motion for a new trial under Rule 33. Federal Rule of Appellate Procedure 4(b)(3)(B) provides that in a criminal case, a notice of appeal filed after the court announces a decision—but before it disposes of a motion for a new trial under Rule 33—"becomes effective upon the later of . . . (i) the entry of the order disposing of the . . . motion; or (ii) the entry of the judgment of conviction." Thus,

the notice of appeal would not become effective until this Court disposes of the motion for new trial and enters a judgment of conviction.  *See generally United States v. Sadler*, 480 F.3d 932, 941 (9th Cir. 2007).  In that event, lifting the stay is essential for this proceeding to move forward.

Even if the notice of appeal is currently effective, the Court retains jurisdiction to decide the new trial motion and sentence the defendants because the filing of a notice of appeal does not divest this Court of jurisdiction "over those aspects of the case [not] involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see also Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1411 (9th Cir. 1990) ("[W]here an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal." (citation and internal quotation marks omitted)).  Here, the appeal involves only the sufficiency of the evidence as to the obstruction of justice count (Count 3).  Nothing pending in this Court touches the proper resolution of that count.

For the aforementioned reasons, the government asks that this Court lift the stay entered on June 10, 2014.

Dated:  June 23, 2014

/s/ Anna Tryon Pletcher
Anna Tryon Pletcher
Tai S. Milder
May Lee Heye
Kelsey C. Linnett
Trial Attorneys
U.S. Department of Justice
Antitrust Division