KEKER & VAN NEST LLP
ELLIOT R. PETERS - # 158708
epeters@kvn.com
STEVEN A. HIRSCH - # 171825
shirsch@kvn.com
JENNIFER A. HUBER - # 250143
jhuber@kvn.com
ELIZABETH K. MCCLOSKEY - # 268184
emccloskey@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant
ANDREW B. KATAKIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:11-CR-0511 (WBS) |
| Plaintiff, | **DEFENDANT ANDREW B. KATAKIS'S OPPOSITION TO THE GOVERNMENT'S MOTION TO LIFT STAY AND PROCEED WITH ADJUDICATION AND SENTENCING** |
| v. | |
| ANDREW B. KATAKIS, DONALD M. PARKER, ANTHONY B. JOACHIM, and W. THEODORE LONGLEY, | Hearing Date: July 21, 2014<br>Time: 9:30 a.m.<br>Courtroom: 5 |
| Defendants. | Date Filed: December 7, 2011 |
| | Trial Date: |

## I. INTRODUCTION

The Court should deny the government's motion to lift the stay entered in this case because—as the government well knows but pretends not to know[1]—the subject matters of the appeal pending in the Ninth Circuit and of the new-trial motion pending in this Court are inextricably linked. The appeal concerns the propriety of the Court's order holding that the government's e-mail destruction evidence was false and insufficient to sustain Katakis's conviction for obstruction of justice, while the new-trial motion argues (among other things) that the very same evidence also tainted Katakis's conspiracy conviction. Under these circumstances, no one can doubt that the Court's inherent power to manage its docket authorized it to enter a stay pending appeal. The Court wielded its broad discretion wisely, and the government fails to make the slightest case that judicial discretion was abused.

## II. ARGUMENT

"The trial court possesses the inherent power to control its own docket and calendar." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). Therefore, "[a]lthough the filing of an interlocutory appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) (citation omitted). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings

---

[1] *See* Doc. 344 at 3 ("Here, the appeal involves only the sufficiency of the evidence as to the obstruction of justice count (Count 3). Nothing pending in this Court touches the proper resolution of that count.").

1

which bear upon the case." *Id.* (citation omitted).[2] The Ninth Circuit will overturn a trial court's stay of an action only when it believes that the court has abused its discretion. *Mediterranean Enters.*, 708 F.2d at 1465.

The government's motion fails to demonstrate that the court abused its discretion by entering the stay in this case. In fact, the stay was an entirely fair, appropriate, and efficient response to the fact that the subject matter of the government's interlocutory appeal under 18 U.S.C. § 3731 is inextricably intertwined with the subject matter of Katakis's pending new-trial motion.

The order from which the government has appealed—the Court's May 9, 2014 order acquitting Katakis on Count 3 of the Superseding Indictment—held that the evidence that the government adduced to prove obstruction of justice under 18 U.S.C. § 1519 was false or insufficient as a matter of law. Specifically, the court held that a rational jury could not have found (1) "that Katakis destroyed or concealed any of the emails in question using [the] DriveScrubber [computer program] because the undisputed evidence from both experts at trial was that DriveScrubber could only overwrite emails in the free space of the computers or mail server and the emails never entered the free space";[3] (2) "that Katakis violated § 1519 by double-deleting the emails on his Dell computer, [Steve] Swanger's Asus computer, or the [Global Discoveries] mail server because there was no evidence from which the jury could infer that he

---

[2] *See also Chiron Corp. v. Abbott Labs.*, C-93-4380 MHP, 1996 WL 15758, at *1 (N.D. Cal. Jan. 3, 1996) ("With respect to stays, this court has inherent authority over management of its docket and has discretion to stay a pending action."); *Asis Internet Servs. v. Active Response Grp.*, C07 6211 TEH, 2008 WL 4279695, at **3-5 (N.D. Cal. Sept. 16, 2008) (same); *United States v. Butts*, CR 05-1127-PHX-MHM, 2007 WL 521131, at *3 (D. Ariz. Feb. 14, 2007) ("[A district] court has discretion to decide whether to grant a motion to stay pending the determination of an interlocutory appeal.").

[3] Doc. 317 at 7.

did so with the requisite intent to obstruct an investigation that he knew of or contemplated"[4]; or (3) "that Katakis violated § 1519 by deleting the emails on Swanger's Dell computer because there was no evidence from which the jury could infer that Katakis destroyed or concealed the emails."[5]

These findings, each of which was set forth in the order that is now the subject of the government's interlocutory appeal, form an indispensable foundation of Katakis's pending Rule 33 motion. The Rule 33 motion asks the court to grant a new trial on the Count 1 bid-rigging charge, in part[6] because spillover from the government's false and misleading obstruction evidence substantially prejudiced Katakis. The motion demonstrates that it would be fundamentally unfair to allow the bid-rigging conviction to stand when the jury may have been swayed by the government's repeated and deliberate telling of an evidence-destruction story that it knew to be false. The resulting prejudice to Katakis affected his substantial rights and denied him due process of law.

The government's motion to lift the stay emphasizes the need to get on with "the new trial motion and sentenc[ing] the defendants."[7] But both of these activities will be materially affected by the outcome of the appeal. As demonstrated above, the subject matters of that appeal and of the new-trial motion are inextricably linked. An appellate affirmance that the obstruction evidence was misleading and insufficient can only bolster the Rule 33 motion, while a reversal

---

[4] Doc. 317 at 11.

[5] Doc. 317 at 15.

[6] Katakis's motion also seeks a new trial on the grounds that (1) the aiding-and-abetting instruction authorized the jury to convict Katakis of a crime for which he was not charged, and also was confusing; and (2) Katakis received ineffective assistance of counsel.

[7] Doc. 344 at 3.

could dispose of the motion's lead argument, depending on the precise result.[8] If the appeal goes forward now, the appellate ruling will lend clarity and certainty to this Court's subsequent case management. Either there will be a new trial, or not. If there is, the appellate ruling will clarify whether that new trial encompasses the obstruction count. If there is no new trial, the appellate ruling will clarify whether the sentencing should include the obstruction conviction. By contrast, if this case goes forward while the appeal is held in abeyance, this Court will have to proceed with those questions unanswered. The scope of the new trial will be uncertain; and sentencing will be thrown into doubt because an appellate reversal could require resentencing.

It was therefore "efficient for [the court's] own docket and the fairest course for the parties"[9] for this Court to stay this action until the Ninth Circuit rules.

### III. CONCLUSION

For the reasons stated above, the Court should deny the government's motion to lift the stay.

Respectfully submitted,

Dated: June 30, 2014                         KEKER & VAN NEST LLP

                                             By: */s/ Elliot R. Peters*
                                                 ELLIOT R. PETERS
                                                 STEVEN A. HIRSCH
                                                 JENNIFER A. HUBER
                                                 ELIZABETH K. MCCLOSKEY

                                                 Attorneys for Defendant
                                                 ANDREW B. KATAKIS

---

[8] For example, the Ninth Circuit could, in theory, order a new trial of the obstruction count; or this Court might do so on remand. *See* Fed. R. Crim. P. 29(d)(1) ("If the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed. The court must specify the reasons for that determination.").

[9] *Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1094 (citation omitted).