ANNA TRYON PLETCHER (Cal. Bar No. 239730)
TAI S. MILDER (Cal. Bar No. 267070)
MAY LEE HEYE (Cal. Bar No. 209366)
KELSEY C. LINNETT (Cal. Bar No. 274547)
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue, Room 10-0101
San Francisco, California  94102-3478
Telephone: (415) 934-5300

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>          v.<br><br>ANDREW B. KATAKIS and DONALD M. PARKER,<br><br>                              Defendants. | CASE NO.  2:11-CR-511-WBS<br><br>**REPLY TO DEFENDANT ANDREW B. KATAKIS AND DONALD M. PARKER'S OPPOSITION TO THE GOVERNMENT'S MOTION TO LIFT STAY AND PROCEED WITH ADJUDICATION AND SENTENCING**<br><br>Hearing Date:    July 21, 2014<br>Time:                 9:30 a.m.<br>Courtroom:       5 |

  The government does not seek an interlocutory appeal.  The government filed its notice of appeal when it did in order to preserve its ability, under 18 U.S.C. § 3731, to seek review of this Court's Rule 29 Order (Doc. 317), not to bring a sudden halt to this Court's proceedings as though the appeal were interlocutory.  To the contrary, the government's motion to lift the stay seeks a full resolution in this Court prior to appellate proceedings.  It hopes to avoid stop-and-start, piecemeal review in the Court of Appeals by allowing all the appeals from this proceeding to be consolidated when the time comes.  Mot. at 2 (Doc. 344).

  Consolidating the appeals and proceeding apace to final judgment is the most efficient course. Indeed, it is the only course that will allow this case to progress.  Federal Rule of Appellate Procedure 4(b)(3)(B) makes a notice of appeal filed while a new trial motion is pending effective only after the

district court disposes of that motion and enters the judgment of conviction.  *See* Mot. at 2-3.  This is to avoid piecemeal review at the appellate level.  *See United States v. Vela*, 624 F.3d 1148, 1152 (9th Cir. 2010) ("In criminal cases, the policy against piecemeal appellate review is at its strongest because of the interests of the defendant, the prosecution, and society in promptly bringing a criminal case to trial." (citing *Flanagan v. United States*, 465 U.S. 259, 264 (1984))).

Katakis does not mention Rule 4(b)(3)(B) anywhere in his Opposition, much less explain why its rationale does not apply here.  Perhaps Katakis believes he is in a procedural sanctuary, safe from further judicial action because this Court will not act until the Court of Appeals does and the Court of Appeals cannot act until this Court does.  This Court should disabuse him of that untenable belief by lifting its stay.  There are powerful interests behind resolving criminal cases expeditiously.  The wheels of justice should never come to a halt.

The cases that Katakis cited in support of the stay are inapposite because they relate to interlocutory appeals.

Lastly, although this reply is not the right vehicle to respond to the defendants' motion for a new trial, and although this Court is no longer the right forum in which to address the sufficiency of the evidence in support of the jury's verdict on the obstruction charge, the government cannot ignore Katakis's serious and unfounded allegation of misconduct regarding the evidence supporting that charge.  Whether or not that evidence was sufficient or its admission warrants a new trial, there is no basis for Katakis's accusation that the government "repeated[ly] and deliberate[ly told] . . . an evidence-destruction story that it knew to be false." Opp'n at 3.

Dated:  July 7, 2014

/s/ Anna Tryon Pletcher
Anna Tryon Pletcher
Tai S. Milder
May Lee Heye
Kelsey C. Linnett
Trial Attorneys
U.S. Department of Justice
Antitrust Division

REPLY TO OPPOSITION TO MOTION TO LIFT STAY

2